## In the Matter of Jess M. SMITH, III, Respondent.

### No. 49S00–1309–DI–592.

Supreme Court of Indiana.

Oct. 28, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Based on incident on December 11, 2011, Respondent pled guilty to operating a vehicle while intoxicated, a class A misdemeanor. Other charges arising from the incident were then dismissed. Respondent timely self-reported his conviction. Respondent was previously convicted of operating a vehicle while intoxicated in 2003.

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respon-

dent contacted the Indiana Judges and Lawyers Assistance Program ("JLAP") within 10 days of his arrest and is following the recommendations of JLAP.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on Respondent's trustworthiness or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, beginning on the date of this order, all stayed subject to completion of at least 24 months of probation of probation** with JLAP monitoring. The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall have no violations of the JLAP agreement or the Rules of Professional Conduct during his probation.

(2) During his probation, Respondent shall refrain totally from the use of alcohol and mind-altering substances except as prescribed.

(3) If Respondent violates his probation, the stay of his suspension will be vacated and he will be required to actively serve the suspension without automatic reinstatement.

(4) If the Commission determines there is good reason to believe that Respondent is disabled, the Commission may bring an action seeking disability suspension pursuant to Admission and Discipline Rule 23(25).

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.